UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:10-CR-250-1 |
| § | (CIVIL ACTION NO. 2:16-CV-250) |
| JESUS ALVAREZ § | |

**MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY**

Jesus Alvarez filed a motion vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 41. The Court has reviewed the § 2255 motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2017) (2255 Rules). Alvarez' motion is dismissed and he is also denied a certificate of appealability.

## I. BACKGROUND

Alvarez pleaded guilty in April 2010 to possession with intent to distribute 406.25 kilograms of marijuana. D.E. 20. The Court sentenced him to 188 months imprisonment as a career offender. Alvarez appealed, but the Fifth Circuit Court of Appeals dismissed his appeal on Alvarez' motion. D.E. 36. He filed the present motion on June 13, 2016.

## II. MOVANT'S CLAIMS

Alvarez challenges the application of the Sentencing Guidelines career offender provisions based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015). He also argues that the

Court sentenced him outside the career offender guideline which means he is not really a career offender.[1]

### III. ANALYSIS

**A. 28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. *Johnson* Claim**

Alvarez was sentenced as a career offender based upon two previous controlled substance offenses pursuant to § 4B1.1(b)(2).[2]

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) *the defendant has at least two prior felony convictions of either* a crime of violence *or a controlled substance offense*.

*Id*. (emphasis added).

---

[1] The Court addressed this issue for Alvarez in its Order dated June 24, 2015. D.E. 40.

[2] The PSR calculated Alvarez' offense level based on drug quantity to be 25, after acceptance of responsibility. His actual criminal history category was VI. His sentencing guideline range would have been 110-137 months imprisonment without the career offender enhancement. *See* D.E. 16, ¶¶ 10-17, 22-29.

Alvarez challenged his career offender status pursuant to *Johnson*. The *Johnson* court held that the residual clause defining a violent felony in 18 U.S.C. § 924(e) was unconstitutionally vague. Although the career offender sentencing guideline has a residual clause identical to the one held to be void for vagueness in *Johnson*, *Johnson* does not apply to the controlled substance portion of the definition. Moreover, *Beckles v. United States*, 137 S.Ct. 886, 892 (2017), held that a vagueness challenge may not be brought against the Sentencing Guidelines. Accordingly, Alvarez' challenge is without merit.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Alvarez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Alvarez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Alvarez' motion (D.E. 41, Cause No. 2:16-CV-250, D.E. 1) is DISMISSED. Additionally, Alvarez is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 25th day of May, 2017.

_____
Janis Graham Jack
Senior United States District Judge